IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JON-ERIK ROCHA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00572-O-BP |
| | § | |
| | § | |
| BRYAN E. HOSTO and | § | |
| CHARLES J. BUCHAN, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was automatically referred to the undersigned pursuant to Special Order 3 on July 22, 2019. ECF No. 2. Before the Court is the Motion to Dismiss and Appendix in Support, ECF Nos. 7 and 8, filed by Defendants Bryan E. Hosto ("Hosto") and Charles J. Buchan ("Buchan") (collectively "the Defendants"); the Demand to Strike Defendant's Pleadings from the Record filed by Plaintiff Jon Erik Rocha ("Rocha"), ECF No. 9; and Defendants' Response to Plaintiff's Demand to Strike, ECF No. 10. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motion to Dismiss, ECF No. 7, and **DISMISS** Plaintiff's claims **WITH PREJUDICE** unless Plaintiff files an amended complaint within the fourteen days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court, and **DENY** Plaintiff's Demand to Strike, ECF No. 9.

### BACKGROUND

Rocha brings this action *pro se* for violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. §§ 1961-68; the federal mail fraud statute, *id.* § 1341; and the federal wire fraud statute, *id.* § 1343.

Although the Complaint contains few facts, Rocha appears to allege that he was a consumer in a loan transaction evidenced by a promissory note, the note was sold, and the Defendants attempted to collect on the note. *See* ECF No. 1 at 2-4. He claims that the Defendants violated the law in attempting to collect the debt because they are not licensed to practice law, licensed as debt collectors, bonded, or registered with the Office of the Attorney General of Texas. *Id.* He alleges that the Defendants did not provide validation of the debt and that they defamed him by providing false information to credit reporting agencies. *Id.* at 3. He refers to a letter sent by the Defendants as "an unlawful debt, collection attempt," but the letter identified as Exhibit "A" is not attached to the Complaint. *Id.* at 3. Rocha also lists "Legal Prejudice," "Failure to Establish Agency," and "Corporations cannot sign and therefore cannot enter into any contact, with an attorney" as additional separate claims, and he appears to assert that corporations do not have any rights, Defendants cannot establish agency, a corporation cannot recover independently of a person, and the case must be dismissed. *See id.* at 5-6. Rocha seeks to recover $2.5 million in damages, discharge of the alleged debt, removal of false information from his credit history, a certificate of title with the lien removed, and general relief.

Defendants move to dismiss the Complaint on six grounds. First, they assert that the FDCPA claim fails for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim. They assert that the debt at issue is not a consumer debt and that the collection letter mailed to Victory Completions Group, LLC ("VCG"), a company owned by Rocha, by the law firm for which the Defendants work complied with the FDCPA. Second, they argue that Rocha lacks standing to pursue the Defendants on behalf of VCG. Third, they assert that Rocha's RICO claim must be dismissed because he did not allege with particularity predicate acts, a pattern of conduct,

2

and an enterprise. Fourth, they argue that Rocha's claim that Defendants violated federal criminal mail and wire fraud statutes fails as a matter of law. Fifth, they assert that his claims of "Legal Prejudice," "Failure to Establish Agency," and a corporation's inability to contract are frivolous and should be dismissed. Finally, Defendants argue that they are not liable in their individual capacities. In support of their Motion, Defendants attached a business records affidavit and copies of a letter from Hosto & Buchan, P.L.L.C. to VCG dated May 31, 2019; Affidavit of Legal Notice and Demand to Validate Debt Claim dated June 7, 2019 and signed by Rocha; and letter from Hosto & Buchan to VCG dated June 26, 2019 enclosing a copy of the Motor Vehicle Retail Installment Sales Contract signed on November 3, 2017 listing VCG as buyer and David McDavid Ford in Fort Worth, Texas, as seller.

Rocha did not file a response to the Defendant's Motion to Dismiss, but he did file a pleading entitled "Demand to Strike Defendant's Pleadings from the Record the- Law Firm Repersenting [sic] the Defendants does not have a License to be a Debt Collector." *See* ECF No. 9. In his Demand, Rocha reasserts the claims made in the Complaint and states that the Defendants came to court with unclean hands. He refers to several legal principles and arguments such as fraud involving a promissory note, procedural and substantive due process, the need for original contracts and "wet ink" signatures, and an objection to an unidentified affidavit as constituting hearsay. *See id* at 4-6. Rocha requests that the Court strike Defendants' pleadings because Defendants are not licensed debt collectors, are not licensed as lawyers, and have unclean hands.

In response to Rocha's Demand, Defendants assert that this case is not a debt collection matter and that Defendants and their counsel need not be licensed, registered, or bonded debt collectors; that Rocha has cited no authority for his argument that the promissory note establishing the debt in this case cannot be enforced; and that the affidavit filed with Defendants' Appendix, ECF No. 8 at 4-5, is a business records affidavit properly offered under Fed. R. Evid. 803(6).

## LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

### B. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

4

The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint must contain facts that support the claim for relief. The court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). A complaint, therefore, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v.*

*Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Courts generally grant leave to amend pleadings "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, "it is within the district court's discretion to deny a motion to amend if it is futile." *Avdeef v. Royal Bank of Scotland, PLC*, 616 F. App'x 665, 676 (5th Cir. 2015) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)). "Amendment is futile if the new complaint 'could not survive a motion to dismiss.'" *Id.* at 676 (citing *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010)).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

### A. Rocha's FDCPA claim should not be dismissed for lack of subject-matter jurisdiction, but it should be dismissed for failure to state a claim.

Defendants request that the Court dismiss Rocha's FDCPA claim for lack of subject-matter jurisdiction, but dismissal on that basis is not warranted. "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A district court has jurisdiction over a claim arising under federal law unless it "'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Id.* (quoting *Bell v. Hood*, 327 U.S. 678 (1946)). "Determining whether a claim is wholly insubstantial and frivolous necessarily entails consideration of the merits." *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, 849 F.3d 615, 622 (5th Cir. 2017). Although Rocha's FDCPA claim appears to fail to state a cause of action, as will be shown below, the Court does not conclude that his claim is "wholly insubstantial and frivolous" such that the Court lacks subject-matter jurisdiction to consider it. For that reason, Defendants' Motion to Dismiss the FDCPA claim for lack of subject-matter jurisdiction should be denied. Despite the existence of federal question jurisdiction, however, the FDCPA claim still should be dismissed.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e (2020). "To establish an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Okeke v. Auto. Fin. Corp.*, No. A-15-CV-694-LY-ML, 2016 WL 11582509 at *4 (W.D. Tex. Feb. 3, 2016) (citing *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012).

The act defines "debts" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (2020). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." *Id.* at § 1692a(3). The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and includes a nonexclusive list of violative conduct. *Id.* at § 1692e.

Although Rocha asserts in paragraph 1.1 of the Complaint that "[t]his is an action brought by a consumer for violations of [FDCPA]," he nowhere else mentions the "consumer" nature of the debt nor does he plead any facts to show that the debt at issue qualifies as a consumer debt under the act. Documents contained in the Defendants' Appendix do not support a conclusion that the debt at issue is a consumer debt. To the contrary, the Motor Vehicle Retail Installment Sales Contract evidencing the transaction at issue reflects that VCG was the buyer, and Rocha appears to have signed the contract in three places as president of VCG and in one place without any

8

reference to his representative capacity for the limited liability company. The contract also reflects "XX" notations next to the box marked "BUSINESS OR COMMERCIAL" in the section that states: "USE FOR WHICH PURCHASED --PERSONAL, FAMILY, OR HOUSEHOLD UNLESS OTHERWISE INDICATED BELOW-- If either of the boxes below is checked, Chapter 353 of the Texas Finance Code applies to this Contract." ECF No. 8 at 12. The Court notes that chapter of the Texas Finance Code is entitled "Commercial Motor Vehicle Installment Sales." *See* Tex. Fin. Code Ch. 353 (2020). Likewise, the letters from Hosto & Buchan, P.L.L.C. contained in the Appendix were addressed to VCG, and the Affidavit of Legal Notice and Demand to Validate Debt Claim lists VCG on the first page and identifies Rocha as president. ECF No. 8 at 6, 11, and 7.

      The documents contained in the Defendants' Appendix were properly proven up pursuant to a business records affidavit under Fed. R. Evid. 803(6). Because Rocha referred to them in the Complaint and they are central to his claims in this case, the Court considers them in ruling on the Motion to Dismiss as permitted by *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Rocha mentioned the demand letter mailed by the Defendants' law firm in his Complaint as Exhibit "A," but he did not attach the letter. *See* ECF No. 1 at 3. Likewise, the Retail Installment Contract, Rocha's Affidavit of Legal Notice and Demand, and correspondence from the Defendants' law firm contained in the Appendix, ECF No. 8, are highly relevant to Rocha's claims that Defendants violated the FDCPA.

      Rocha failed to properly plead facts to support his single assertion that the debt at the center of this case is a consumer debt. His conclusory statement that the action is "brought by a consumer" is not supported by any additional allegations or by any facts. Although the Complaint refers to an Exhibit A that would support the claims made, no exhibit was filed. The evidence included in the Appendix supporting the Defendants' Motion to Dismiss shows that the debt at issue is a

9

commercial debt incurred by a limited liability company pursuant to a contract establishing the debt signed by Rocha as president of that company. "Business or Commercial" was listed as the use for which the limited liability company purchased the vehicle. Rocha has failed to allege plausible facts to show that the debt at issue is a consumer debt. Rocha also failed to allege any facts to show that the correspondence that he received from Defendants' law firm was illegal or improper under the FDCPA. He has not alleged that the debt at issue was illegal, or paid off, or improperly claimed against him or VCP instead of the proper debtor. Nor did Rocha state any facts to support a claim that the individual Defendants, as opposed to the law firm for which they worked, engaged in any improper or illegal debt collection actions. The Defendants alternatively seek dismissal on this point under the Arkansas statutes concerning limited liability companies, *see* ECF No. 7 at 19, but separate and apart from any claim under Arkansas statutes, Rocha has failed to allege any actions of the individual Defendants that would trigger their personal liability. In the absence of a consumer debt or any illegal or improper acts on the part of the individual Defendants in the collection of that debt, the FDCPA does not apply, Rocha has failed to state a claim upon which relief can be granted, and his claim should be dismissed on that basis.

   **B.**  **Rocha cannot assert a claim on behalf of a corporation.**

  Defendants assert that Rocha lacks standing to assert claims against them on behalf of VCG. Because VCG is not a party that has asserted any claims against the Defendants, the Court understands Defendants' argument to be that Rocha has no legal right to represent VCG's interests in this case to the extent that VCG asserts any claims. The law is clear that Rocha cannot represent VCG directly. "It is well-established that … corporations are fictional legal persons who can only be represented by licensed counsel." *CitiMortgage, Inc. v. Pacific Standard Holdings*, No. 3:17-CV-3318-C-BH, 2019 WL 5430665 at *3 (N.D. Tex. Oct. 4, 2019) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02; *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

"The same rule applies with equal force to limited liability companies." *Walker v. Allianz Life Ins. Co. of N. America*, No. 3:08-cv-2051-M, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009) (citing *Weyend v. Hubman Found.*, No. 4-06-cv-343, 2007 WL 3377162, at *1 (E.D. Tex. June 28, 2007)). "[A] member of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's right against or liability to the limited liability company." *Id*. Therefore, to the extent that Rocha purports to assert claims on behalf of VCG, those claims should be dismissed because he cannot legally represent the limited liability company in this case.

      **C.**      **Rocha failed to properly plead a RICO claim.**

To state a claim for violation of the civil RICO statute, a plaintiff must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity; (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009)). In the Complaint, Rocha cites language from several cases concerning RICO, but he fails to assert the elements of a cause of action for violation of the RICO statute and alleges no facts to support such a claim. He fails to identify a person engaged in a pattern of racketeering activity in connection with an enterprise. Accordingly, Rocha has failed to allege a violation of the RICO statue and has stated insufficient facts to create a plausible claim for relief under that statute. As a result, the Court should dismiss his civil RICO claim.

      **D.**      **No Private Right of Action for Criminal Violations**

Rocha claims that the Defendants violated the federal mail fraud and wire fraud statutes in connection with their attempt to collect the debt at issue. "Courts have repeatedly held that

11

violations of criminal statutes do not give rise to a private right of action." *Back v. UTMB*, No. 6:15-CV-129, 2016 WL 9455135, at *2 (W.D. Tex. Apr. 7, 2016); *see Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802 (N.D. Tex. Apr. 10, 2007), *report and recommendation adopted*, No. 3:07-CV-0561-M, 2007 WL 1300780 (N.D. Tex. May 2, 2007); *see also Fields v. Nelms*, No. 3:15-CV-0879-P, 2015 WL 3407955 (N.D. Tex. May 27, 2015), appeal dismissed (Aug. 24, 2015). "[F]or a private right of action to exist under a criminal statute," the Supreme Court requires "'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)). There is no indication that the mail and wire fraud statutes imply a private right of action. Thus, Rocha's claims against the Defendants for violating the federal mail fraud statute, 18 U.S.C. § 1341, and the federal wire fraud statute, 18 U.S.C. § 1343, fail to state a violation of a federal right and are not legally cognizable. *Back*, 2016 WL 9455135 at *2. Accordingly, the Court should grant Defendants' Motion to Dismiss those claims.

### E.  Rocha's remaining claims do not require a ruling from the Court.

Rocha's claims of "Legal Prejudice," "Failure to Establish Agency," and a corporation's inability to contract, ECF No. 1 at 5-6, do not require a response or other action of the Court. They do not state a claim, and Rocha does not seek damages under these arguments. Accordingly, they do not require a ruling from the Court.

### F.  The Court should give Rocha an opportunity to amend the Complaint.

Although Rocha has failed to plead the necessary factual allegations to support his Complaint, he is appearing *pro se*, and the Courts general afford plaintiffs appearing on their own behalf an opportunity to amend their complaints. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). This is also true if the Court proposes to dismiss a pro se

plaintiff's complaint under a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. However, if a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)). Accordingly, the undersigned recommends that Rocha be permitted to amend his Complaint to address the legal deficiencies identified in this Findings, Conclusion, and Recommendation. If he either does not or cannot amend his Complaint to correct those deficiencies, Judge O'Connor should dismiss the Complaint with prejudice.

### G. Rocha's Demand to Strike Defendants' pleadings should be denied.

In his Demand to Strike, Rocha objects that counsel for the Defendants is not licensed as a debt collector and is not bonded or registered with the Attorney General of Texas. ECF No. 9 at 1. He claims that counsel does not have a real license to practice law and that the practice of law cannot be licensed by any state. *Id.* He claims further that counsel for Defendants comes into court with unclean hands because his law firm is not licensed as a debt collector. *Id.* Rocha then repeats claims concerning the "Bank" appearing in this case and objects that counsel for Defendants is acting as a "'Foreign Agent' for a 'Foreign State' (Corporation) who has commenced this action in violation of the 11th Amendment and in violation of 22 USC 611." *Id.* at 3. He also objects to the business record affidavit in this case, apparently the one included in the Defendants' Appendix, because it is hearsay. *Id.* at 5-6. Finally, Rocha includes numerous additional arguments regarding sovereignty, admiralty jurisdiction, and his reservation of rights.

Judge O'Connor should deny Rocha's Demand to Strike. The Court notes that counsel of record for Defendants are members in good standing of the Bar of this Court and are licensed to

practice law by the Supreme Court of the State of Texas. There is no further legal requirement for them to appear as counsel for Defendants in this case. They are not acting as foreign agents for foreign states in violation of any provision of the United States Constitution or the statutes of this country. They do not come to this Court with unclean hands. The business records affidavit that they attached to the Defendants' Appendix, ECF No. 8, is admissible in evidence under Federal Rule of Evidence 803(6), and Rocha's hearsay objection is not well-founded. Rocha has failed to allege and argue any legal basis why Defendants' pleadings in this case should be stricken. His remaining objections to the Defendants' pleadings, and to counsel for Defendants appearing on Defendants' behalf, are legally frivolous and should not be sustained. Consequently, his Motion to Strike should be denied.

## CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motion to Dismiss, ECF No. 7, and **DISMISS** Plaintiff's claims **WITH PREJUDICE** unless Plaintiff files an amended complaint within the fourteen days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court, and **DENY** Plaintiff's Demand to Strike, ECF No. 9. If Plaintiff timely files an amended complaint that cures the legal deficiencies in his original complaint identified above, however, the motion to dismiss should be **DENIED AS MOOT**, and the action should be allowed to proceed on the amended complaint.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Signed** January 21, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE